Robert Lyle **WALDEN, Jr.,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 26280
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1969.

Humberto L. Juarez, Jr., Hall & Juarez, H. C. Hall, III, Laredo, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Walden waived a jury and was convicted by the District Court on one conspiracy and two substantive counts of smuggling marihuana into the United States and thereafter facilitating the transfer and concealment of the marihuana in violation of 21 U.S.C. § 176a.[1] Walden contends that the requirements of declaration and invoicing contained in 21 U.S.C. § 176a violate his privilege against self-incrimination as guaranteed by the Fifth Amendment to the Constitution and that he could not have transported and concealed the marihuana after importation because the importation was never completed. We affirm.[2]

Walden and a friend drove a 1957 Cadillac hearse across the International Bridge into Mexico. There they bought 350 pounds of bulk marihuana which they packed into a special compartment located in the bed of the hearse. On February 11, 1968, the hearse with Walden at the wheel proceeded back across the International Bridge from Mexico. The hearse was sent to a secondary inspection area from the control station because it contained baggage. An inspection of the interior of the hearse revealed two marihuana seeds under the right front seat. A Customs agent searched the rear of the hearse and discovered the special compartment which had been concealed under some fur and aluminum foil trim. After being warned of his rights, Walden told Customs agents that he and a friend had gone from New York to Mexico, bought the marihuana, packed it into the hearse and planned to transport it into the United States.

Walden insists that under the doctrine of Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, the requirements of declaration and invoicing contained in 21 U.S.C. § 176a violated his privilege against compulsory self-incrimination.

---

1. In pertinent part 21 U.S.C. § 176a provides:

   § 176a. *Smuggling of marihuana; penalties, evidence; definition of marihuana*

   Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned for not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

   Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.

   \* \* \* \* \*

2. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

We disagree. In *Grosso* and *Marchetti* the defendants were convicted of failing to pay taxes to the United States on activities which the States had declared to be illegal. The United States made its tax records available to the states. Therefore compliance with the Federal wagering tax statutes meant incrimination at the State level. But compliance with 21 U.S.C. § 176a precipitates no such incrimination. Had Walden declared and invoiced the marihuana at the border, it would have been immediately seized by Customs. At that point Walden would not have been vulnerable to prosecution, either Federal or State, because he would have complied with the Federal law and he would have never reached the State of Texas with marihuana in his possession. As it was, he violated 21 U.S.C. § 176a, became vulnerable to prosecution by the United States and, he alleges, the State of Texas. We laid to rest the contention that 21 U.S.C. § 176a was violative of the privilege against compulsory self-incrimination when we said:

> It would be strange indeed if one could Constitutionally be required to declare ordinary merchandise at the border and be punished for failure so to do, if, at the same time, surreptitious importation of contraband does not have to be declared and a failure to declare cannot be punished. The importation is not compelled and the Fifth Amendment privilege against compulsory self-incrimination does not apply. Rule v. United States, 5 Cir. 1966, 362 F.2d 215, 217.

Walden leans heavily on Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. It is inapposite. While *Leary* did strike down a presumption of knowledge of illegal importation in 21 U.S.C.A. § 176a, in the instant case there was abundant direct evidence that Walden had knowledge of the origin of the marihuana. *Leary* also held that the Fifth Amendment privilege against self-incrimination was available to a charge under 26 U.S.C.A. § 4744(a) (1), the Marihuana Tax Act, but here we are not involved with that act. We are faced only with the narrow issue of whether or not the requirements of declaration and invoicing violated Walden's privilege against compulsory self-incrimination. Where the evidence shows that the defendant transported the marihuana from Mexico to the United States and no reliance was placed upon the presumption, the conviction must be affirmed. United States of America v. Brooks, a/k/a Daniel Frederick Drake, 5 Cir. 1969, 416 F.2d 459.

Walden frivolously argues that he was wrongfully convicted of facilitating the concealment and transportation of the marihuana in violation of 21 U.S.C. § 176a because he never completed the importation of the marihuana. But as soon as he passed through Custom's primary inspection area without declaring and invoicing the marihuana, he was in violation of 21 U.S.C. § 176a. That Customs agents would have allowed him to declare the marihuana at a secondary inspection area indicates only that Walden had two chances to comply with the statute. Instead he wilfully failed to declare or invoice it. We find no reversible error and the judgment is

Affirmed.