UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose Alberto UGARTE–VEIZAGA,
Defendant-Appellant.

No. 27761
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1970.

L. Frank Chopin, Miami, Fla. (court-appointed), Jose Alberto Ugarte-Veizaga, pro se, for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Miami, Fla., J. V. Eskenazi, Asst. U. S. Atty., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), and Huth v. Southern Pacific Company, 417 F.2d 526 (5 Cir. 1969).

After going through customs in the Miami Airport, appellant was searched by customs officials who discovered a quantity of cocaine in a concealed belt around his waist. He was indicted for illegally importing cocaine into the United States in violation of 21 U.S.C. §§ 173 and 174. He was brought to trial in the Southern District of Florida, pleaded not guilty and was convicted after a jury trial. He took the stand at trial and admitted committing all the elements of the offense charged in the indictment.

It is contended that the District Court committed two reversible errors in instructing the jury. Both contentions are without merit and the judgment must be affirmed.

Appellant urges that the court invaded the province of the jury by instructing that he imported cocaine into the United States. While it is error to give an instruction which assumes a fact in issue, an instruction which assumes an admitted fact is not reversible error.

Lyons v. United States, 325 F.2d 370 (9th Cir. 1963), cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964). This appellant admitted doing the very thing he was charged in the indictment with doing. The contention that he was never in the United States is adequately answered by the decision in Pineda v. United States, 393 F.2d 139 (5th Cir. 1968). It was proper to instruct the jury that appellant had imported cocaine into the United States.

Second, it is contended that the trial court erred in instructing the jury that it could presume the defendant knew that the cocaine was illegally imported from the fact that it was in his possession. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), struck down the presumption of 21 U.S.C. § 176a with respect to marijuana. This Circuit, and others, have held that *Leary* does not invalidate the presumption created by 21 U.S.C. § 174 with respect to more exotic drugs such as heroin and cocaine. Good v. United States, 410 F.2d 1217 (5th Cir. 1969) rehearing denied 415 F.2d 771 (5 Cir. Aug. 28, 1969); Clayton v. United States, 413 F.2d 297 (9th Cir. 1969); United States v. Lugo-Baez, 412 F.2d 435 (8th Cir. 1969).

Affirmed.