UNITED STATES of America,
Plaintiff-Appellee,

v.

Harold Lloyd HUDSON, Jesse Jonathan White and Lushra Jardan, Defendants-Appellants.

No. 28237

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1970.

Stanley Freed, Laredo, Tex. (Court-appointed), for Harold Lloyd Hudson.

Julio Garcia, Laredo, Tex. (Court-appointed), for Jesse Jonathan White.

Ruben Garcia, Laredo, Tex. (Court-appointed), for Lushra Jardan.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

The three appellants in this case were convicted on four counts of smuggling and transporting heroin and marihuana into the United States and were sentenced to fifteen years respectively on each count, the sentences to run concurrently.

Appellants did not dispute the facts in the case, but based their defense at trial and in this appeal on four points.

First, they argued that requiring them to declare at their point of entry drugs which cannot be lawfully brought into the United States violates their constitutional privilege against self-incrimination. For this point, appellants rely on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). This Court distinguished

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

these cases from a case of smuggling in Walden v. United States, 5th Cir. 1969, 417 F.2d 698. We repeat that distinction here. *Leary, Marchetti* and *Grosso* held invalid under the fifth amendment statutes which required an individual to pay federal taxes on activities that the State had declared illegal, and which therefore would subject the individuals to prosecution under state laws. In the present case, however, if the appellants had declared and invoiced the heroin and marihuana at the International border, they would not, at that point, have been vulnerable to prosecution, either Federal or State, because they would have complied with the Federal law and would never have reached the United States with the drugs in their possession. *See* Rule v. United States, 5th Cir. 1966, 362 F.2d 215.

Secondly, appellants urge that they could not have *unlawfully* transported and concealed the marihuana and heroin beyond the primary border checkpoint because they only proceeded beyond that point, where they had failed to declare the contraband, to the secondary checkpoint at the direction of the customs authorities. This point, too, is controlled by our decision in Walden v. United States, *supra,* where we held that when a defendant enters custom's primary inspection station and fails to declare and invoice marihuana at the first opportunity, he is in violation of the law.

Finally, it is argued that the district court should have permitted the jury to pass on appellants' assertions that they are sincere followers of the Moslem or Islamic religion, which sanctions the use of heroin and marihuana. Appellants claim that failure to admit this evidence violates their first amendment right to freedom of religion. We disposed of this question in Leary v. United States, 5th Cir. 1967, 383 F.2d 851, 859–862, reversed on other grounds, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), where we cited numerous authorities in support of the proposition that the use of drugs as part of religious practice is not constitutionally privileged.

We find no reversible error and the judgment is affirmed.