**UNITED STATES of America, Appellee,**

v.

**Albert Richard TERAN, Appellant.**

**No. 25650.**

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1970.

---

Morris Sankary, Atty., Defenders, Inc., San Diego, Cal., Albert Richard Teran, for appellant.

* The Honorable Gerald S. Levin, United States District Judge for the Northern

Harry D. Steward, U. S. Atty., Charles J. Fanning, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and LEVIN,* District Judge.

PER CURIAM:

A federal grand jury returned an indictment against Albert Richard Teran, charging two narcotics offenses. Under count one the grand jury charged him with smuggling two hundred pounds of marihuana into the United States from Mexico on September 7, 1969, in violation of 19 U.S.C. §§ 1459 and 1461. Under count two the grand jury charged him with concealing and facilitating the transportation and concealment of the same marihuana, on the same dates, in violation of 21 U.S.C. § 176a.

The evidence developed at the jury trial warranted the jury in finding the following facts: On the night of September 7, 1969, Teran drove an automobile he had picked up that day in Mexicali, Baja California, Mexico, across the border at Calexico, California. Concealed behind the rear seat of the automobile was the marihuana in question. It was discovered during the customs inspection at the Port of Entry.

Teran's defense on both counts was lack of knowledge. He testified that he was repossessing the automobile in question on behalf of another person. The evidence was confusing as to the ownership of the car he was driving.

Convicted on both counts, Teran took this appeal. His only specification of error reads as follows:

"It was unconstitutional and prejudicially confusing for the trial court to give the presumption instruction of 21 U.S.C. § 176a, including an explanation of the meaning of the presumption, with an instruction that the defendant did not have the burden of proving lawful importation, the latter

District of California, sitting by designation.

instruction having been given following the presumption instruction and prior to the explanation of the meaning of that presumption."

 In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court held invalid the section 176a presumption that one found in possession of marihuana knew that it had been illegally imported. The *Leary* rule is to be applied retroactively, United States v. Scott, 425 F.2d 55 (9th Cir. 1970). However, in a smuggling case such as this, the giving of such an instruction is harmless error beyond a reasonable doubt. This is true because the knowing possession of undeclared marihuana found in an automobile which the defendant has just driven across the border establishes actual knowledge that the marihuana was illegally imported, without reference to any presumption. Plascencia-Plascencia v. United States, 423 F.2d 803 (9th Cir. 1970).

Teran nevertheless argues that special circumstances here exist which take this case out of the harmless error rule pertaining to smuggling cases. The circumstances relied upon are that, immediately following the instruction on the section 176a presumption, the trial court instructed that the presumption does not impose upon the defendant the burden of proving that the marihuana was lawfully imported. Teran asserts that this latter instruction is in conflict with "the *Leary* presumption part, for that statutory presumption imposes exactly that burden in a smuggling case." Teran also asserts that, following this latter instruction, the trial court explained the meaning of the statutory presumption in language which can only mean that the defendant must prove lawful importation to escape conviction.

Teran's counsel took no exception to any instruction given by the trial court. Accordingly, we can take note of the assertedly erroneous instructions only if the giving of those instructions constituted plain error.

We are satisfied that the giving of the instructions complained of did not constitute plain error. Read in context with all of the instructions they were not in conflict with the instruction on the section 176a presumption. Moreover, since the latter instruction should not have been given, any instruction tending to dilute its effect could not have prejudiced Teran. He was caught with the marihuana in his knowing possession when he crossed the border, thereby rendering inconsequential in this case any instruction bearing upon the presumption of knowledge of illegal importation of that marihuana.

Affirmed.