**William Addison WALKER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25317.**

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1970.

John R. Foster, Del Rio, Tex., for appellant.

Ernest Morgan, Seagal V. Wheatley, U. S. Attys., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, for appellee.

Before BELL AND SIMPSON, Circuit Judges, and ROBERTS, District Judge.

SIMPSON, Circuit Judge:

Walker was convicted below, after a jury trial, under a two-count indictment. The first count charged Walker with receiving, concealing and facilitating transportation and concealment of marijuana in violation of Title 21, U.S.C., Section 176a. The second count was brought under Title 26 U.S.C., Section 4755(a) (1). It charged that Walker imported marijuana without having registered or paid the tax required by Title 26, U.S.C., Sections 4751–4753, inclusive. The appellant was given a five-year sentence as to the first count and a three-year confinement sentence as to the second count, the sentences to run concurrently. This appeal followed.

Walker and three other persons, not involved in this appeal, entered the United States from Mexico in an automobile. At the Border Customs Station at the International Bridge in Eagle Pass, Texas, Walker was asked his citizenship and if he had anything to declare at Customs. The appellant stated that he had nothing to declare. A subsequent customs inspection revealed twelve plastic bags of marijuana weighing a total of ten pounds, eleven ounces.

Appellant took the stand and was quite candid about his marijuana activities. He admitted purchasing the marijuana in Mexico and importing it into the United States. Walker's testimony on direct examination consisted of a fourteen page monologue extolling the virtues of marijuana and denouncing the federal laws against its importation. He testified that his intent in crossing the bridge with the marijuana was to test such laws.

On appeal, Walker raises the following issues: lack of effective counsel, insufficiency of the evidence, and the alleged unconstitutionality of Title 26, U.S.C., Sec. 4755(a) (1) and Title 21 U.S.C., Sec. 176a.[1]

■ The main thrust of the appellant's attack on his trial counsel's effectiveness is directed at counsel's failure to object during the United States Attorney's reference in closing argument to "detrimental narcotics" and "hippie people". Often, the decision as to whether or not to object to particular statements made in closing argument is a matter of tactics. Since an objection may tend to emphasize a particular remark to an otherwise oblivious jury, the effect of objection may be more prejudicial than the original remarks of opposing counsel. Williams v. Beto, 5 Cir. 1965, 354 F.2d 698, 705, 706. We find that lack of effective counsel is not shown.

The appellant argues that the evidence was insufficient to support a finding of

concealment or a finding that any marijuana was imported into the United States. As to the concealment contention, the evidence is abundant. A customs inspector testified that Walker, when asked if he had anything to declare, answered "Nothing". Walker's own testimony revealed that the marijuana was wrapped in his clothing and packed in a suitcase.

The importation question is likewise without merit. Appellant suggests that he was wrongfully convicted because the customs inspection prevented completion of the importation. A similar theory was rejected in Walden v. United States, 5 Cir. 1969, 417 F.2d 698.

The appellant contends that the jury was erroneously instructed that it was entitled to presume importation from the fact Walker had possession of the marijuana. The trial judge paraphrased Title 21 U.S.C., Sec. 176a, which states in pertinent part:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marijuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

■ The appellant correctly contends that the above provision is unconstitutional in marijuana cases. Leary v. United States, supra, footnote 1. While such an instruction may be technical error in light of Leary, we find that in the instant case it was harmless. Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Where the evidence clearly demonstrates that the defendant transported marijuana from Mexico to the United States and no reliance was placed upon the presumption, there is no prejudice. Waldon v. United States, supra. Accordingly we affirm

1. No retroactivity issue is present because appellant's direct appeal was pending prior to the disposition of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57. See United States v. Scardino, 5 Cir. 1969, 414 F.2d 925.

the judgment of conviction rendered under Title 21, U.S.C., Sec. 176a.

Since concurrent sentences were imposed, this Court in its discretion declines to pass on the validity of the judgment of conviction under Title 26 U.S.C., Section 4755(a) (1). Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

The judgment is

Affirmed.