Jose Alberto UGARTE–VEIZAGA,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71–2568
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1972.

Rehearing and Rehearing En Banc
Denied Feb. 23, 1972.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Jose Alberto Ugarte-Veizaga, pro se.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Jose Alberto Ugarte-Veizaga appeals from the denial of his motion under 28 U.S.C. § 2255 to vacate his conviction and ten-year sentence resulting from a jury verdict finding him guilty of importing cocaine in violation of 21 U.S.C. §§ 173, 174. He alleges three grounds of error on appeal: (1) that the lower court erred in not granting a hearing to consider questions of fact raised in his Section 2255 motion:[1] (2) that the court erred in not granting a hearing to determine whether appellant's allegation that he "had no intent" to commit a crime had a basis in fact or law; and (3) that the lower court erred in failing to grant a hearing to determine whether the statutory presumptions of 21 U.S.C. § 174[2] which the court read to the jury prejudiced appellant, and denied him a fair trial.

The district court ruled against petitioner on alleged errors Nos. (1) and (2) noted previously, because the same issues had been raised and disposed of by the trial on the merits before a jury which decided against petitioner. Petitioner appealed from the original judgment of conviction and we affirmed. United States v. Ugarte-Veizaga, 5 Cir., 1970, 420 F.2d 677. We agree that the issues here are the same as those previously asserted on the prior appeal. A Section 2255 motion cannot be used in lieu of an appeal on the merits nor will issues disposed of on a previous appeal be reviewed again on such a motion. See, e. g., Dirring v. United States, 5 Cir., 1967, 370 F.2d 862.

As to alleged error No. (3), appellant relies on the recent Supreme Court decision in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610 (1970). In *Turner*, the Supreme Court held that the presumptions of Section 174 were unconstitutional when small amounts of cocaine were involved because statistics showed that

[1]. The factual issues included petitioner's allegation that he had no intent to import cocaine into this country; that he was in transit without intention of remaining in the United States; and that he inadvertently passed through U.S. Customs.

[2]. "Section 174 contains two presumptions. The first, the presumption of importation, permits a jury to infer the fact of illegal importation of a narcotic drug from a defendant's possession of the drug; the second, the presumption of knowledge, permits an inference that the defendant who possesses the drug knew that the drug was illegally imported." United States v. Gonzalez, 2 Cir., 1971, 442 F.2d 698, 707–708.

more cocaine is domestically produced than is smuggled into the United States. Thus a presumption of importation founded on erroneous factual assumptions could not stand. The Court did not consider the validity of the presumption of importation where large amounts of cocaine were involved. Id. at 419 n. 39, 90 S.Ct. at 654. Because of the view which we take of this case, we deem it unnecessary to consider the effects of the large amounts involved herein together with other factors, as did the Second Circuit in United States v. Gonzalez, 2 Cir., 1971, 442 F.2d 698, 701. In our former opinion we noted that petitioner "took the stand at trial and admitted committing all the elements of the offense charged in the indictment," 420 F.2d at 677, including knowledge of illegal importation of the drugs. Thus the fact that the court charged the jury concerning the Section 174 presumption, even if it were error, would clearly be harmless.

Walker v. United States, 5 Cir., 1970, 433 F.2d 306, is analogous to the case before us. Walker was convicted for illegally importing marihuana in violation of 21 U.S.C. § 176a. Both Section 174 and Section 176a contain virtually identical presumptions concerning mere possession of "narcotic drugs" and "marihuana," respectively.[3] Walker had taken the stand and freely testified to the facts of his unlawful importation of marihuana. On appeal he complained that the court improperly charged the jury with the Section 176a presumption. We noted that this presumption had been declared unconstitutional in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), but that the court's error in charging the jury with

that presumption was harmless because "the evidence clearly demonstrates that the defendant transported marijuana from Mexico to the United States and no reliance was placed upon the presumption . . . ." 433 F.2d at 307. Thus, where, as here, there is a judicial admission of knowledge of illegal importation upon which the jury could have relied in reaching its verdict, under the facts and circumstances of each case, an instruction on the presumption of importation, if error at all, is only harmless error. Walker v. United States, supra; United States v. Teran, 9 Cir., 1970, 434 F.2d 605. Cf. United States v. Gonzalez, 2 Cir., 1971, 442 F.2d 698; United States v. Avey, 9 Cir., 1970, 428 F.2d 1159, cert. denied, 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 139 (1970). Here the defendant took the stand and admitted doing acts which constituted a violation of Section 174. The jury's finding of guilt was founded on concrete evidence, having nothing whatsoever to do with the Section 174 presumptions. Cf. United States v. Liguori, 2 Cir., 1971, 438 F.2d 663, 669. A defendant who admits to doing an act cannot complain if the court thereafter charges the jury that he is presumed to have done it too.

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

3. 21 U.S.C. § 174 provides in relevant part:
"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

21 U.S.C. § 176a provides in relevant part:
"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."