### UNITED STATES of America, Appellee,

v.

### Velia TAPIA–LOPEZ, Appellant.

### No. 74–3077.

United States Court of Appeals, Ninth Circuit.

June 13, 1975.

David Perry, Poway, Cal. (argued), for appellant.

Stephen W. Petix, Asst. U. S. Atty., San Diego, Cal. (argued), for appellee.

## OPINION

Before KOELSCH, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

Tapia-Lopez appeals her conviction for smuggling 220 pounds of marijuana into the United States in violation of 21 U.S.C. § 176a.[1] A border search of her automobile revealed the contraband. The primary issue at trial was whether Tapia knew the concealed marijuana was in the vehicle. Tapia was to be sentenced in February 1969, but failed to appear. In 1974 she appeared voluntarily and was sentenced. She now appeals, complaining of error in instructing the jury and prosecutorial misconduct.

## I. INSTRUCTION

Explaining the "knowledge" aspect of 21 U.S.C. § 176a,[2] the district court charged the jury:

"What this statute does do, however, is to create an inference in favor of the United States. Thus, if you should find from the evidence, beyond a reasonable doubt, that there was possession, as that term will be defined to you, on the part of the defendant of any of the marijuana referred to in the indictment, such possession creates a permissible inference of guilt as charged in the indictment."

■ After this case was tried, the Supreme Court, in *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), held unconstitutional that portion of § 176a permitting the jury to infer from proof of possession that a defendant knew that marijuana had been illegally imported. 395 U.S. at 52–53, 89 S.Ct. 1532. This part of the *Leary* decision has been held to be retroactive (*see United States v. Scott*, 425 F.2d 55, 59 (9th Cir. 1970) (en banc)), and Tapia's failure to object to the instruction does not preclude the point for appeal. 425 F.2d at 57–58. Tapia is therefore entitled to the benefit of *Leary,* and to reversal and a new trial unless we can say that the instruction as to the inference was harmless beyond a reasonable doubt. *See Feldstein v. United States*, 429 F.2d 1092, 1094 (9th Cir. 1970), *cert. denied,* 400 U.S. 920, 91 S.Ct. 174, 27 L.Ed.2d 454 (1970).

■ In closing argument, Tapia's lawyer explained to the jury in some detail the inference of knowledge under § 176a.[3] The challenged instruction,

1. The section was repealed by Pub.L. 91–513, Title III, § 1101(a)(2), (9), Oct. 27, 1970, 84 Stat. 1291, 1292.

2. 21 U.S.C. § 176a provided in relevant part:

"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have

been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned * * *.

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

3. In closing argument, Tapia's lawyer advised the jury:

"* * * [T]he problem is not the offense with which she's charged, assuming

therefore, was not harmless error. The government's case was based largely on circumstantial evidence. Accordingly, the permissive inference then allowed by § 176a could have been crucial to the jury's guilty verdict.

## II. PROSECUTORIAL MISCONDUCT

■ In argument to the jury, the prosecutor noted that Tapia's testimony was uncorroborated, and continued, "[c]ould the government call somebody's husband? Do you think the husband would testify favorably for the government?" At the conclusion of the government's opening argument, defense counsel requested and received an instruction that the government make no further reference to Tapia's failure to call her husband as a witness. However, no curative instruction to the jury was requested or given.

While it is questionable whether Tapia preserved an objection to the government's comment about "somebody's husband," we caution the government that it is not permissible to allow the jury to infer, from a party's failure to call a witness, that the witness's testimony would be adverse to the party when the party has a marital privilege to keep the witness off the stand. *Cf. United States v. Lawrenson*, 298 F.2d 880, 885 (4th Cir.), *cert. denied*, 370 U.S. 913, 82 S.Ct. 1260, 8 L.Ed. 406 (1962); *Olender v. United States*, 210 F.2d 795, 800 (9th Cir. 1954). Pettifogging by the government attorney is not anticipated in any future trial of this case.

## III.

■ A final point challenging an instruction on the jury's right to consider

the interest of a defendant in weighing credibility presents no issue requiring discussion. *See United States v. Jacobo-Gil*, 474 F.2d 1213, 1215–1216 (9th Cir. 1973).

Reversed and remanded.

that that automobile or conceding that it had arrived at our port of entry, and that it had that marijuana, and that she was driving it, but we come to the question of whether or not there was possession * * * of the contents in that automobile sufficient to enable you to infer that she knew it was there. "* * *.

"Now, interestingly enough, and perhaps quite properly with this type of case, and for whatever reasons, Congress of the United States and the cases over the years have developed a very specific crutch. The court will go into this in some detail, but I invite you to consider it carefully * * * in effect, the presumption or the essence is, if you find she was in possession, if you find she was in possession of the marijuana, then you may infer, you are allowed to infer that it was imported contrary to law, and that she knew it was illegal contraband. The big step there is * * * possession."