**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Tommy Duane TUNNELL,
Defendant-Appellant.**

No. 80–1597.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1981.

Decided July 13, 1981.

Mark Healy Bonner, Asst. U. S. Atty., Los Angeles, Cal. (argued), Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., on brief, for defendant-appellant.

Stephen E. Hoffman, Frank & Milchen, San Diego, Cal., for ch. plaintiff-appellee.

Before TUTTLE,* ALARCON and REINHARDT, Circuit Judges.

TUTTLE, Circuit Judge:

Tommy Duane Tunnell appeals his conviction under 21 U.S.C. § 176a.[1] On Janu-

---

* Honorable Elbert P. Tuttle, Senior Circuit Judge, U. S. Court of Appeals, Fifth Circuit, sitting by designation.

1. The section was repealed by Pub.L. 91–513, Title III, § 1101(a)(2), (9), Oct. 27, 1970, 84 Stat. 1291, 1292.

21 U.S.C. § 176a provided in relevant part:
Notwithstanding any other provision of law, whoever knowingly, with intent to de-

fraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States

ary 10, 1968, Tunnell and four other individuals were indicted for violations of federal narcotics laws. In Count Five [2] of the indictment Tunnell and a co-defendant, Hoover, were charged with having "knowingly received, concealed and facilitated the transportation and concealment" of marihuana which they knew had theretofore "been imported and brought into the United States contrary to law."

On February 29, 1968, the jury found Tunnell [3] guilty as charged. The matter was continued for sentencing until March 25, 1968. Tunnell, however, failed to appear at the sentencing hearing; consequently, his bond was forfeited and a bench warrant was issued for his arrest. Tunnell remained a fugitive until May, 1980. On August 18, 1980, he was sentenced to five years' imprisonment.[4]

■ On appeal, Tunnell contends that he was denied due process at trial because the jury was instructed in accordance with the presumption contained in 21 U.S.C. § 176a. This presumption, which permitted the jury to presume or infer that the marihuana had been illegally imported from proof that the defendant was in possession of the marihuana, was declared unconstitutional in *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1960). The *Leary* decision was given full retroactivity in *United States v. Scott*, 425 F.2d 55, 59 (9th Cir. 1970) (en banc). Appellant argues that he is entitled to a reversal of his conviction because the jury was given this unconstitutional instruction. We agree.

In *United States v. Scott, supra,* we held that where an instruction permitting the inference was given in a jury trial, the conviction must be reversed unless the giving of the instruction under the circumstances of the case was harmless beyond a reasonable doubt. *See Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This Circuit has consistently taken this approach to convictions under § 176a. *See e. g., United States v. Tapia-Lopez*, 521 F.2d 582 (9th Cir. 1975); *United States v. Teran*, 434 F.2d 605 (9th Cir. 1970); *Feldstein v. United States*, 429 F.2d 1092 (7th Cir. 1970); *United States v. Mahoney*, 427 F.2d 658 (9th Cir. 1970). Thus, the issue before this Court is whether the giving of the jury instruction on the § 176a presumption in Tunnell's case was harmless beyond a reasonable doubt.

The government's evidence that Tunnell had possession of the marihuana and had knowledge of its illegal importation was contained primarily in the testimony of one government agent, Lusardi. Lusardi testified that he had a conversation with Tunnell, co-defendant Hoover, and an individual named Peter Amaranthus, who was deceased by the time of trial, during which Lusardi arranged to purchase from them some marihuana which Tunnell told him had been imported from Lebanon. Lusardi testified further that he met with Tunnell and Amaranthus later that day to consummate the prearranged purchase, saw the marihuana between them and was handed the marihuana by Tunnell. He testified that he then left the room, ostensibly to get money, but returned with several other government agents and made the arrests. When Tunnell took the stand, he flatly denied having told Lusardi that he could sell

---

2. Tunnell was also charged in Count Four with conspiracy to conceal, transport, and sell hashish. Prior to opening statements, a government motion to dismiss the conspiracy count was granted.

3. Tunnell had proceeded to trial alone as several other defendants had pled guilty as charged.

4. At the time of this appeal, Tunnell is serving concurrently the five years' sentence imposed in this case and an additional sentence of one year and one day for a passport violation.

contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned....

Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.

him some marihuana which was imported from Lebanon, having had possession and having handed the marihuana to Lusardi. Despite Tunnell's denial, the jury returned a verdict of guilty. The jury, therefore, must have at least believed Lusardi's testimony on the issue of possession.

The government contends that the fact that the jury must have believed Lusardi's testimony on the issue of possession means that they also had to have believed Lusardi's testimony regarding the issue of knowledge. They argue that instructing the jury on the presumption, therefore, had no impact on the outcome of the case and was harmless beyond a reasonable doubt. The government analogizes United States v. Feldstein, supra, where the Court held the instruction on the § 176a presumption to be harmless beyond a reasonable doubt because the testimony the jury must have believed in order to have found possession proved the requisite knowledge and intent.

Feldstein, however, is distinguishable from the case at hand. In Feldstein, the court found that the particular evidence that the jury must have believed in order to have found possession unequivocally showed knowledge on the defendant's part that the marihuana would be acquired in Mexico, smuggled into the United States and then concealed and transported in the United States. In contrast, Lusardi's testimony regarding knowledge of importation was entirely separate from his testimony regarding possession; therefore, the jury could have believed Lusardi's testimony on the issue of possession and relied on the presumption in order to find against Tunnell on the issue of knowledge of importation.

Instructing the jury in the § 176a presumption has been held consistently to be harmless error in smuggling cases where the defendant was apprehended with undeclared marihuana while in the process of crossing, or after having just crossed, the border into the United States. See, e. g., United States v. Teran, supra; Zaragoza-Almeida v. United States, 427 F.2d 1148 (9th Cir. 1970); United States v. Simon, 424 F.2d 1049 (9th Cir. 1970). The rationale underlying these decisions, like the rationale in Feldstein, was that the jury had to have believed the government's evidence of possession in order to have found the defendant guilty and that knowledge that the marihuana had been illegally imported was clearly inferable from the fact of possession.

These smuggling cases, however, are closer to Feldstein and distinguishable from the case at hand. Here there was no close link between the fact of possession and the fact that the marihuana was imported. The jury would have had to decide first whether they believed Lusardi's testimony regarding the fact of possession and then whether they believed his testimony or that of Tunnell regarding Tunnell's alleged statement that the hashish had come from Lebanon. We simply have no way of knowing whether the jury resolved this second credibility issue in favor of the government or relied on the presumption as they had been instructed they were entitled to do. Since there is no way of knowing how the jury resolved the issue of knowledge of importation, we can not say that the giving of the instruction was harmless beyond a reasonable doubt. United States v. May, 431 F.2d 678, 683 (9th Cir. 1970); United States v. Scott, supra, at 60.

■ The government argues additionally that the defendant should not be able to bring this appeal in light of the fact that he disappeared after a verdict of guilty was handed down and reappeared for sentencing twelve years later. Cf., Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (appellate court may dismiss an appeal, with final prejudice, if the defendant flees after filing a notice of appeal). The government is justifiably concerned about their potential difficulty in retrying a case after twelve years; however, such does not suffice to warrant sustaining a conviction which might have been based on an unconstitutional presumption. In a similar case, United States v. Tapia-Lopez, supra, this Court reversed and remanded the conviction where the jury had been instructed on the § 176a presumption de-

spite the fact that the defendant failed to appear at the scheduled sentencing hearing but was sentenced after he reappeared five years later.

REVERSED and REMANDED.