**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-30766
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

S. PATRICK PHILLIPS,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-791)
_____

June 23, 2000

Before KING, Chief Judge, and REAVLEY and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

This case involves S. Patrick Phillip's challenge to the district court's denial of his request for

relief under 28 U.S.C. § 2255. For the reasons assigned below, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

S. Patrick Phillips ("Phillips") was indicted along with four other co-defendants in a five-

count indictment for conspiracy to manufacture methamphetamine and possession of a listed chemical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with intent to manufacture methamphetamine. The jury convicted "Phillips" on all counts. Phillips was granted a new trial on one count of conspiracy to manufacture methamphetamine and one count of possession of phenylacetic acid with the intent to manufacture methamphetamine. Phillips was convicted of both counts at his second trial.

Phillips was sentenced to 235 months imprisonment on count one and 120 months of imprisonment on count two, with the sentences to be served concurrently. Phillips petitioned to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2)for the possession of phenylacetic acid with the intent to manufacture methamphetamine conviction. The district court denied the motion, and the ruling was affirmed on direct appeal.

Subsequently, Phillips moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (" § 2255"). Phillips claimed that his sentence was cruel and unusual punishment, that his counsel rendered ineffective assistance of counsel, and that collateral estoppel barred his prosecution. The district court denied the § 2255 motion and Phillips filed a notice of appeal. Phillips applied for a Certificate of Appealablity ("COA") pursuant to 28 U.S.C. § 2253(c)(1)(B). In addition to the claims raised in his § 2255 petition, Phillips claimed that the prosecutor engaged in misconduct by making an improper closing argument and that his trial counsel was ineffective for failing to object to the prosecutor's improper argument. A member of this court issued a one-judge order which denied a COA on the claims in his § 2255 petition. However, the order denied the two additional claims without prejudice and granted Phillips 60 days to resubmit a "fully supported renewed COA motion" on the new claims. Phillips subsequently resubmitted a COA motion on the prosecutorial misconduct and the ineffective assistance of counsel claims, and a one-judge order

2

granted the motion notwithstanding that Phillips did not raise these specific claims before the district court in his § 2255 petition.

D<span style="font-variant:small-caps">ISCUSSION</span>

The government argues that this court is without jurisdiction to review the merits of Phillip's claims relating to the prosecutor's alleged improper argument and ineffective assistance of counsel because Phillips did not raise them before the district court. Phillips, on the other hand maintains that the court has jurisdiction to reach the merits of his claims because the one-judge order granting his application for a COA expressly includes the claims he raises before us.

Generally, claims that are not raised in a § 2255 habeas petition before the district court are not reviewable on appeal. See, e.g. United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Our review of the record shows that Phillips did not raise the prosecutorial misconduct claim pertaining to the prosecutor's alleged improper closing argument in his § 2255 habeas petition. Although a member of this court issued a one-judge order granting a COA on this claim, it is unclear whether the full record was before the court at the time the order was issued. Nonetheless, this claim is not properly before us because Phillips failed to present it to the district court in his § 2255 petition. Under 28 U.S.C. § 2253, the final order in a § 2255 habeas proceeding before the district court shall be subject to review on appeal. Because the prosecutorial misconduct claim was not presented to the district court first, the claim was not part of the district court's final order. As such, the prosecutorial misconduct claim is not properly before the court for review. See United States v. Madkins, 14 F.3d 277, 279 (5th Cir. 1994).

Regarding Phillips's claim of ineffective assistance of counsel, Phillips argued in his § 2255 habeas petition that "trial counsel failed to make appropriate objection, and establish the necessary

3

record[.]" Although Phillips did not specifically refer to counsel's failure to object to the prosecutor's alleged improper closing argument in his motion or in his supporting memorandum, we nonetheless liberally construe his pro se pleadings to include this issue. We therefore reach the merits of his ineffective assistance of counsel claim. See Torres, 163 F.3d at 910 n.5; United States v. Gobert, 139 F.3d 436, 437 n.5 (5th Cir. 1998); see also Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir. 1997)(all doubts about whether to grant a COA are to be resolved in favor of the habeas petitioner).[1]

Phillips claims that his trial counsel rendered ineffective assistance because counsel failed to object to the prosecutor's alleged improper closing argument. Phillips alleges that during the closing argument, the prosecutor improperly made a "guilt by association" argument by referring to convictions of co-conspirators who did not testify at trial. Thus, Phillips asserts that counsel's failure to object to these references amounted to ineffective assistance of counsel.

To assert a successful ineffectiveness of counsel claim, petitioner is required to establish both (1) constitutionally deficient performance by his counsel and (2) actual prejudice as a result of his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The failure to prove either deficient performance or actual prejudice forecloses an ineffective assistance claim. In order to satisfy the first prong of the Strickland analysis, Phillips must prove that his counsel's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. The second prong of Strickland is satisfied if "there is a reasonable probability that, but for counsel's unprofessional errors, the result

---

[1] Although Phillips included his ineffective assistance of trial counsel claim in his § 2255 petition under the heading "Appellate Ineffective Assistance of Counsel," we nonetheless construe his complaint regarding counsel's failure to object as a claim of ineffective assistance of counsel at trial.

of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694, 104 S.Ct. at 2068; <u>see also</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (stating that the prejudice prong of <u>Strickland</u> "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair"). The determination whether counsel was constitutionally ineffective is a mixed question of law and fact that this court reviews de novo. <u>See</u> <u>Green v. Johnson</u>, 160 F.3d 1029, 1035 (5th Cir. 1998).

Regarding <u>Strickland</u>'s first prong, there is a strong presumption that the performance of counsel "falls within the wide range of reasonable professional assistance." <u>United States v. Samuel</u>, 59 F.3d 526, 528 (5th Cir. 1995). Thus, Phillips must overcome the presumption, that under the circumstances, "the challenged action 'might be considered sound trial strategy.'" <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. 2052. The reasonableness prong of <u>Strickland</u> involves a case-by-case inquiry. Therefore, acts and omissions that may be deemed unreasonable in one case may be brilliant trial strategy in another case.

In the instant case, Phillips does not overcome the presumption that counsel's failure to object to the alleged improper references made by the prosecutor during closing argument was part of counsel's trial strategy. Conceivably, counsel may have opted not to object in order to avoid drawing the jury's attention to the prosecutor's remarks. <u>Cf.</u> <u>Walker v. United States</u>, 433 F.2d 306, 307 (5th Cir. 1970)(discussing how objecting to prosecutor's alleged improper remarks during closing may have been more prejudicial than the remarks from the prosecutor). This point is illustrated by appellate counsel's acknowledgment during oral argument that he was not sure from a strategical point of view whether he would have objected when the prosecutor referred to the conviction of one

of the non-testifying co-conspirators during closing argument. As such, Phillips does not meet Strickland's first prong.

Because Strickland's two prong test is conjunctive, failure to meet the "reasonableness" prong pretermits an inquiry into the "prejudice" prong. Notwithstanding, Phillips does not show that counsel's failure to object deprived him of a fundamentally fair trial. See Carter v. Johnson, 110 F.3d 1098, 1110 (5th Cir. 1997).

CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

AFFIRMED.